Deaderick, Ch. J.,
delivered tlie opinion of tbe court:
Tliis cause was tried in tbe circuit court ,for Slielby county, by tbe judge without a jury. Tbe suit was brought by Beatty to recover for services rendered tbe company, *272 and judgment rendered in favor of tlie plaintiff below, and tlie cause was brought to this court by writ of error. The referees have recommended the affirmance of the judgment, and Beatty has excepted to the report.
The said Beatty was employed in January, 1879, by Anderson, president of said company, to go to Mexico, to attend to business in connection with the mining interests and operations of said company. ITe was absent on said business about eight months. It was agreed that Beatty’s pay should be $3,000 per annum, and he returned before the expiration of the year by consent and at the suggestion of said Anderson. This suit was brought in 1880, and judgment rendered in favor of Beatty for eight months’ services, at the rate of $3,000 per annum. The suit was brought as the declaration avers, in two counts, to recover for work and labor, etc., done for defendants, and upon their agreement to pay him $3,000 for such work. The pleas aver that defendant does not owe as alleged, and that it has fully paid for all the services rendered. Upon these issues the court finds that Anderson had no authority, as president, to employ Beatty, and the corporation was not thereby bound; but that the plaintiff had rendered valuable services to defendant, which they knowingly accepted, and for which it should pay a reasonable compensation. But, there being a deficiency of proof of the value of said services, the court assumed the contract price with Anderson as sufficient to fix the value at the rate of $3,000 per annum, and that plaintiff should recover for eight months’ service at that rate. The court refused to consider any counter claims by defendant, as there was no plea raising any issue upon which proof of said claims could be admitted.
This ruling, we think, was correct, but we think the court committed an error against the defendant in ruling that Anderson’s contract, at the rate of $3,000 per annum, should be the pleasure by which to estimate the value of *273 plaintiff’s seryices. Tbe court bad already said tbat Anderson’s contract did not bind tbe company, but be adopted tbat contract as tbe only evidence of tbe value of tbe services; whereas, upon tbe theory tbat tbe contract was not binding upon defendant, no part of it could be received as evidence against defendant. But there is tbe evidence of Keller, whose estimate would be a better basis than tbat adopted; and it is admissible to show tbe value of tbe services rendered, and is tbe only pertinent evidence upon this point, in tbe record, tbat we have discovered. Tbat evidence is tbat such service was worth not more than $200 per month.
"With this modification, tbe report is approved, and tbe judgment will be affirmed.